James L. WILLIAMS, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. 53098.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 19, 1988.

Anthony J. Coultas, St. Louis, for appellant.

William L. Webster, Atty. Gen., Cynthia B. Green, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Williams appeals the judgment sustaining the order of the Director of Revenue

suspending his driving privileges for driving with a .172 percent by weight blood alcohol content. We affirm.

In essence, Williams asserts he was denied due process by the arresting officer filing an administrative affidavit pursuant to § 302.510.1, RSMo 1986, which was based, in part, upon facts not personally observed by the arresting officer. Williams' driving privileges were suspended by the Director of Revenue by reason of facts contained in the affidavit. § 302.505.2, RSMo 1986; *see also Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985). Those pertinent facts are: Officer No. 1 observed Williams driving his car in the turning lane, pass in a no passing zone, and then re-enter the traffic lane at a high rate of speed. Officer No. 1 called for assistance, then stopped Williams. Williams appeared groggy, his eyes were glassy and blood shot, and he exuded a strong odor of alcohol.

Officer No. 2, the arresting officer, responded to the call for assistance. When Officer No. 2 approached Williams, he was still behind the wheel of his car and the keys were in the ignition. Officer No. 2 observed Williams' eyes to be red and watery, his breath emanating a very strong odor of alcohol and his speech to be very slurred. Both officers helped Williams out of his car. Officer No. 2 administered several field sobriety tests to Williams. She then placed Williams under arrest for driving while intoxicated pursuant to § 577.010, RSMo 1986. Officer No. 2 placed Williams in her patrol car and took Williams to the St. Louis County Intake for a breath test. Officer No. 1 proceeded on his way after Williams was placed in Officer No. 2's patrol car. Williams said he had had two or three drinks of vodka. His blood alcohol concentration exceeded .13 percent by weight.

Officer No. 2 filed a verified officer's report pursuant to § 302.510.1 with the Director of Revenue. In that report she stated Officer No. 1 had observed certain facts prior to her arrival, and that those portions of the affidavit were based upon what Officer No. 1 had told her.

At the trial de novo Williams' lawyer objected to the testimony of Officer No. 1 on the ground Officer No. 1 had not signed the affidavit sent to the Director of Revenue, and the recitation of his observations was hearsay. The trial court allowed the testimony and upheld the license suspension.

On appeal, Williams states the affidavit was improper because it was based on facts not personally observed by Officer No. 2 and which she could not verify. He argues the only facts available to the Department of Revenue were those personally observed by Officer No. 2, and that those were insufficient to support probable cause for arrest under *Collins*. 691 S.W.2d at 252[11]. Williams goes on to state the testimony of Officer No. 1 at the trial de novo did not cure the alleged problem in the affidavit.

When Officer No. 2 arrived at the scene, Williams' car was located just off the road in a parking lot, Williams was still behind the wheel, and the key was in the ignition. Officer No. 2 personally observed that Williams exhibited several indicia of intoxication. Based on her observations alone Officer No. 2 had probable cause to believe Williams was driving while intoxicated in violation of § 577.010. It was unnecessary for Officer No. 2 to actually observe Williams driving. *Miller v. Director of Revenue*, 719 S.W.2d 787, 789–90[3] (Mo. banc 1986); *Stewart v. Director of Revenue*, 702 S.W.2d 472, 476[9] (Mo. banc 1986).

Since we hold Officer No. 2's observations of Williams alone support the license revocation, we do not need to reach the issues of whether an affidavit may be based in part on the observations of a second officer or whether the testimony of a nonarresting officer is admissible at a trial de novo. But we do direct attention to § 544.210, RSMo 1986, authorizing an arrest without a warrant if the officer has "reasonable grounds to believe" there has been a violation, and to *Leach v. Director of Revenue*, 705 S.W.2d 125, 127[1] (Mo. App.1986) holding that a deficiency in the

verified affidavit does not prohibit testimony in support of the license suspension.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.