Loreen L. MORRIS, Appellant,

v.

DEPARTMENT OF
REVENUE, Respondent.

No. 58163.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 26, 1990.

Lawrence E. Manion, Jr., William W. Holland, Clayton, for appellant.

Van M. Pounds, Jatha B. Sadowski, Jefferson City, for respondent.

CRANDALL, Chief Judge.

Loreen Morris appeals from the judgment of the trial court affirming an administrative decision by the Director of Revenue to suspend her driving privileges pursuant to Section 302.505, RSMo (1986). We affirm.

Officer Paszkiewicz, the arresting officer, testified at trial that at approximately 2:45 a.m. on the morning of February 12, 1989, he responded to a report of an automobile accident. Upon arriving at the scene, he observed that a vehicle had run off the road and crashed into a telephone pole. Paszkiewicz, Morris, and another police officer were the only persons present at the site of the accident. Morris was bleeding about her face and nose. Morris told Paszkiewicz that she had left an oyster bar at about "3:15 a.m." and had been run off the road by another car. Morris's breath smelled of alcohol, her eyes were glassy, her speech was slurred, and she swayed when she walked and stood. Paszkiewicz performed one field sobriety test: Morris recited the alphabet, but mumbled so that her speech was barely understandable. Paszkiewicz arrested Morris for driving while intoxicated; and after informing her of her Miranda rights, requested that she submit to blood alcohol analysis. A blood sample was drawn at the hospital and given to Paszkiewicz who took it to the police crime lab. Subsequent analysis of the blood sample indicated that Morris's blood alcohol concentration was .21.

Morris's driving privileges were suspended as a result of her arrest. The suspension was upheld following an administrative hearing by the Director of Revenue. Morris then requested and obtained a trial de novo in the circuit court which affirmed the decision to suspended Morris's driving privileges.

Although Morris raises three separate allegations of error, those claims of error can be condensed into one. Morris claims,

in essence, that the trial court erred in upholding the suspension of her driving privileges because the police officer did not have probable cause to arrest her for driving while intoxicated.

 Section 302.505.1, RSMo (1986) provides in pertinent part:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight of alcohol in his blood. . . .

The burden of proof is on Director to prove by a preponderance of the evidence (1) that the arresting officer had probable cause to believe that Morris had committed an alcohol related traffic offense; and (2) that her blood alcohol concentration was .13 percent or greater. *See Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986). An officer has probable cause to make an alcohol related traffic arrest when he observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication when coming into contact with the motorist. *Schranz v. Director of Revenue*, 703 S.W.2d 912, 913 (Mo.App.1986).

 In this case, Officer Paszkiewicz found Morris by a car which had gone off the road and smashed into a telephone pole. Morris was bleeding from injuries about her face and head. She was the only person, other than police officers, present at the scene. She admitted to driving the automobile at the time of the accident when she stated that she had been run off the road by another driver as she returned home after leaving an oyster bar. Contrary to Morris's assertion, it was not necessary that the police officer actually observe her operating the vehicle involved in the accident. *See Kranz v. Director of Revenue*, 764 S.W.2d 508, 510 (Mo.App. 1989); *Williams v. Director of Revenue*, 743 S.W.2d 598, 599 (Mo.App.1988). In addition, when the officer spoke with Morris, the officer noticed that her speech was slurred, her eyes were glassy, and she was unsteady on her feet. Notwithstanding her completion of the field sobriety test, her speech was barely discernible during the test. Although her behavior arguably could be attributed to a severe head injury sustained during the accident, the noticeable odor of intoxicants as well as the type of one-car accident in which Morris had been involved were further indicia that she had been driving while intoxicated. There was substantial evidence adduced to establish the necessary probable cause. Morris's points on appeal are denied.

The judgment of the trial court is affirmed.

SIMON and REINHARD, JJ., concur.