**Donald Ray SIPULT, Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

No. 59262.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 23, 1991.

Robert Lee Striler, Clayton, for appellant.

William L. Webster, Atty. Gen., Van M. Pounds, Jatha B. Sadowski, Sp. Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appellant (Driver) appeals from an order of the Circuit Court sustaining the Director of Revenue's decision to suspend Driver's driving privileges pursuant to §§ 302.500–302.540, RSMo 1986. We affirm.

On April 28, 1990, at approximately 10:20 p.m., Officer Enloe received a call to assist another officer in making an arrest. He proceeded to the area of Page and Bennington in St. Louis County where the other officer had stopped a vehicle. When he arrived, Officer Enloe observed the vehicle on the shoulder of the road and Driver steadying himself on the trunk of the vehicle.

Officer Enloe questioned Driver. Driver admitted it was his vehicle and he had been driving it. Driver also admitted he had started drinking beer around 1 p.m. and finished drinking around 9 p.m., just prior to the stop. While conducting the interview, Officer Enloe detected a strong odor of alcohol on Driver. Officer Enloe also observed several other indicia of alcohol consumption. He asked Defendant to recite the alphabet and perform the heel-to-toe test. After observing his performance, Officer Enloe placed Driver under arrest.

Driver was transported to the St. Louis County intake center where a blood alcohol test was administered. The result of the test indicated Driver had a blood alcohol content of .14. Because Driver's blood alcohol content was equal to or greater than .13 percent, his driving privileges were suspended pursuant to Missouri's Administrative D.W.I. Law. An administrative hearing was held and the hearing officer sustained the suspension. Driver petitioned for a review of the suspension in the Circuit Court. The trial judge sustained the Director's order to suspend Driver's driving privileges.

Driver asserts in points relied on I and II that the Director failed to adduce any evidence at the trial de novo that Driver was either driving his motor vehicle at the time he was stopped, or that he was lawfully stopped. He further claims the Director failed to establish that the arresting officer had probable cause to arrest Driver.

The Director had to establish by a preponderance of the evidence (1) that there was probable cause to effect the initial arrest; and (2) that chemical analysis revealed that driver had a blood alcohol content of .13 or more. *Strode v. Director of Revenue*, 724 S.W.2d 245, 248[4] (Mo. banc 1987); *Stewart v. Director of Revenue*, 702 S.W.2d 472, 475[8–10] (Mo. banc 1986).

■ Driver's admission he was driving the vehicle was sufficient to establish the operation of the motor vehicle. *Tuggle v. Director of Revenue*, 727 S.W.2d 168, 169[1] (Mo.App.1987). Driver admitted the vehicle belonged to him, admitted driving it, and admitted he had been drinking beer from around 1 p.m. until 9 p.m., just prior to the stop. This evidence, coupled with Officer Enloe's observation of indicia of alcohol consumption, was sufficient to establish probable cause to believe Driver was driving while intoxicated, without any

need to rely on the observation of the officer who first called Enloe. *Cf. Williams v. Director of Revenue,* 743 S.W.2d 598 (Mo. App.1988). Driver's complaint as to the adequacy of the evidence must fail. *Thurmond v. Director of Revenue,* 759 S.W.2d 898, 899 (Mo.App.1988).

 In his third point, Driver states the Director failed to establish his arrest took place within one and one-half hours of his violation of the laws prohibiting driving while intoxicated. Section 577.039, RSMo 1986. The evidence was conflicting on this point. It was not an issue at trial. It cannot be so in this appeal. *State v. Litterell,* 800 S.W.2d 7, 12[10] (Mo.App.1990). The provisions of § 577.039 do not constitute an element of the offense of driving while intoxicated. It was an issue for injection into the case by Driver, but he did not do so.

Judgment affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.