**Jeremy S. RAIN,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

**No. ED 78380.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 17, 2001.

Rehearing Denied June 5, 2001.

John F. Newsham, Dill, Wamser, Bamvakais, Newsham & Miller, St. Louis, MO, for petitioner/respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Elizabeth P. Schott, Assistant Attorney General, St. Louis, MO, for respondent/appellant.

CRANE, Judge.

The Director of Revenue ("Director") appeals from the trial court's judgment reinstating the driving privileges of petitioner, Jeremy S. Rain, after judicial review of his refusal to submit to a chemical test under Section 577.041 RSMo (Cum. Supp.1998). We reverse and remand.

On December 9, 1998 a City of St. Louis police officer responded to an accident with injuries on West Pine in the City of St. Louis. When he arrived at the scene he observed that four cars parked at the curb on the south side of West Pine were damaged. A heavily damaged blue Acura was blocking the street. Paramedics were treating petitioner, who was standing next to the Acura, for a head laceration, and others were treating a seriously injured female passenger, who had to be removed from the vehicle. Petitioner advised the officer that he had been traveling west on West Pine and entered the intersection at Boyle when the signal was green and was struck by one of the other damaged vehicles, which had run a red light. The officer, however, observed that the intersection was not controlled by electric signals, but by four-way stop signs. The officer observed that petitioner's eyes were glassy-looking and bloodshot, that he was unsteady on his feet, that his speech was slurred, and that he had trouble concentrating. However, the officer did not smell alcohol on petitioner's breath.

Petitioner denied that he had been drinking and said that he did not have a bump on his head. He refused to go to a hospital. The officer listened to witnesses to the accident tell other officers at the scene that petitioner had been the driver of the Acura. The witnesses reported that the vehicle was traveling over 80 miles an hour when it went through the stop sign at Boyle, struck the planter box forming the median for West Pine, became briefly airborne, and struck a parked car, causing a chain reaction of damage to the other parked cars.

In the officer's professional opinion, petitioner was intoxicated. The officer informed petitioner of his rights under the Missouri Implied Consent Law. Petitioner refused to comply with a field sobriety test or a breath analysis. The officer placed petitioner under arrest for driving while intoxicated and other charges. Petitioner was taken to the police station, where the officer met him, again advised him of his rights, and gave him a second opportunity to take a breath analysis test.

As a result of his refusal to submit to a breath analysis test, Director revoked petitioner's license for one year pursuant to Section 577.041.3 RSMo (Cum.Supp.1998). Petitioner filed a Petition for Review of Administrative Order in the Circuit Court of the City of St. Louis pursuant to Section 577.041.4 RSMo (Cum.Supp.1998).

At trial, Director offered into evidence a certified copy of his records, which included the police report containing the alcohol influence report and the arresting officer's narrative, and called the arresting officer to testify. Petitioner cross-examined the officer and offered into evidence two photographs of petitioner's head laceration and petitioner's medical records. The trial court entered judgment for petitioner based on its finding that "there were insufficient reasonable grounds to support the determination of the police officer and the actions of the Director of Revenue based upon the evidence adduced."

On appeal Director contends the trial court erred in setting aside the revocation of petitioner's driving privileges because

Director proved a prima facie case, which petitioner did not rebut, that petitioner was arrested, that the arresting officer had reasonable grounds to believe petitioner was driving while intoxicated, and that petitioner refused to submit to a breath test.

■ We affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Zimmerman v. Director of Revenue*, 988 S.W.2d 583, 585 (Mo.App.1999). However, we are not required to defer to the trial court's findings when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict. *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177 (Mo.App.2000); *Pendergrass v. Director of Revenue*, 4 S.W.3d 599, 601 (Mo.App.1999).

■ Section 577.041.4 allows a person whose license has been revoked for failure to submit to a chemical test to request a hearing before a court in the county in which the arrest occurred. At the hearing, in a case arising on facts such as these, the judge shall determine only: (1) whether or not the person was arrested; (2) whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle in an intoxicated condition; and (3) whether or not the person refused to submit to the test. *Id.* Director has the burden of proof at this hearing. *Zimmerman*, 988 S.W.2d at 585. If the judge finds any issue not to be in the affirmative, the judge must order Director to reinstate the license. Section 577.041.5.

■ Petitioner does not dispute that he was arrested or that he refused to submit to a chemical test. The only contested issue is whether the arresting officer had reasonable grounds to believe pe-

titioner was driving while intoxicated. Petitioner argues that because certain facts were controverted at trial, Director's prima facie case on this issue was rebutted. We disagree. The facts petitioner claims are disputed are not material to the inquiry whether the information conveyed to the officer and the officer's observations constituted reasonable grounds for the officer to believe that petitioner was driving in an intoxicated condition. That the officer received information and made the observations he reported and testified to was not controverted. Our standard of review does not allow us to disregard uncontroverted evidence that supports Director's contention that all elements were proved. *Myers v. Director of Revenue*, 9 S.W.3d 25, 28 (Mo.App.1999).

■ "Reasonable grounds" is virtually synonymous with probable cause for arrest for driving while intoxicated. *Hawkins v. Director of Revenue*, 7 S.W.3d 549, 551 (Mo.App.1999). Probable cause to arrest for driving while intoxicated exists when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the motorist. *Hunt v. Director of Revenue*, 10 S.W.3d 144, 148 (Mo. App.1999). In determining if reasonable grounds exist, the court must evaluate the situation from the viewpoint of a cautious, trained, and prudent police officer at the time of the arrest. *Hawkins*, 7 S.W.3d at 551.

"Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *State v. Tokar*, 918 S.W.2d 753, 767 (Mo. banc 1996), *cert. denied*, 519 U.S. 933, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). Whether there is probable cause to arrest depends on the informa-

tion in the officers' possession prior to the arrest. *State v. Wiley*, 522 S.W.2d 281, 287 (Mo. banc 1975). There is no precise test for determining whether probable cause existed; rather, it is based on the particular facts and circumstances of the individual case. *Wiley*, 522 S.W.2d at 287; *State v. Pruitt*, 479 S.W.2d 785, 788 (Mo. banc 1972). "Furthermore, probable cause is determined by the collective knowledge and the facts available to all of the officers participating in the arrest; the arresting officer does not need to possess all of the available information." *State v. Mayweather*, 865 S.W.2d 672, 675 (Mo. App.1993); *see also Pruitt*, 479 S.W.2d at 788.

*State v. Clayton*, 995 S.W.2d 468, 477 (Mo. banc 1999).

The officer may rely on information reported by citizen witnesses. *State v. Cole*, 657 S.W.2d 59, 61 (Mo.App.1983). Information given by eyewitnesses to the arresting officer directly, or through other officers, even if hearsay, is admissible to establish probable cause because it is not offered for its truth, but to explain the basis for a belief that probable cause to arrest existed. *See, Eskew v. Director of Revenue*, 17 S.W.3d 159, 162 (Mo.App. 2000).

The standard for determining probable cause is the probability of criminal activity rather than a prima facie showing of guilt. *Terry v. Director of Revenue*, 14 S.W.3d 722, 724 (Mo.App.2000). Probable cause is a fluid concept that turns on the assessment of probabilities in particular factual contexts. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 243 (Mo.App. 1992). While mere suspicion is not enough to establish reasonable grounds, absolute certainty is not required. *Id.*; *Terry*, 14 S.W.3d at 724. There is a "vast gulf" between the quantum of information necessary to establish probable cause and the quantum of evidence required to prove guilt beyond a reasonable doubt. *Wilcox*, 842 S.W.2d at 243. The practical considerations of everyday life on which reasonable people act govern the probable cause determination. *Id.*

In this case, the arresting officer had received information that petitioner drove through a stop sign at a city intersection at 80 miles per hour, struck a planter box located in the median of the street, and briefly became airborne before striking the parked car and causing a chain reaction of damage to other parked cars. The officer observed the position and condition of petitioner's car and the injury to his passenger. The officer heard petitioner claim that the parked car he collided with went through a non-existent red light before hitting his vehicle, which, he claimed, had proceeded through a non-existent green light. The officer observed that petitioner's eyes were glassylooking and bloodshot, that he was very unsteady on his feet, that his speech was slurred, and that he had trouble concentrating. In sum, sufficient indicia of intoxication existed to provide reasonable grounds for the officer to believe that petitioner was driving while intoxicated. *See Morris v. Department of Revenue*, 800 S.W.2d 806, 808 (Mo.App. 1990).

Petitioner argues that the officer did not have reasonable grounds because petitioner's condition could have been caused by his head injury. He points to the officer's testimony on cross-examination that he had seen a situation in which a person exhibited similar behavior but the person was not under the influence of alcohol. However, the officer further testified that "usually" people at the scene of an accident who have significant head injuries are not conscious and "most of the time" people involved in an accident who are glassy-

eyed and unsure on their feet are under the influence of alcohol. The experience of everyday life in assessing the accident and petitioner's demeanor makes it unreasonable to believe that the condition of petitioner's gait, eyes, speech, and demeanor were caused by the scalp laceration. The assessment of probabilities in this particular factual context supports a reasonable inference making it more probable than not that petitioner was intoxicated. As in *Morris,* 800 S.W.2d at 808, the nature of this accident, in which petitioner was the only driver, combined with the other indicia of intoxication was sufficient to establish probable cause.

■ Petitioner also argues that there was no reasonable grounds because the officer did not smell the odor of alcohol, citing cases in which the odor of alcohol constituted one of the indicia of intoxication supporting probable cause. While the odor of alcohol is one of the indicia of intoxication, it is not a prerequisite to a finding of probable cause. Sufficient other indicia of intoxication can support a finding of probable cause. *See Thurman v. Director of Revenue,* 745 S.W.2d 260, 262 (Mo.App.1988).

The totality of the arresting officer's observations, information, and experience and the reasonable inferences drawn therefrom, make it more probable than not that petitioner was intoxicated when he drove through a city intersection at 80 miles per hour, collided with a parked car, and thereafter exhibited glassy, bloodshot eyes, slurred speech, an unsteady gait, and trouble concentrating. The trial court erred in finding lack of reasonable grounds.

We reverse and remand the cause to the trial court to enter a judgment reinstating the revocation of petitioner's driving privileges.

MARY K. HOFF, C.J., and CHARLES B. BLACKMAR, Sr. J., concur.