**Tamie E. HUNTER, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. ED 79902.

Missouri Court of Appeals,
Eastern District,
Division One.

May 7, 2002.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Jill L. Selsor, Asst. Atty. Gen., St. Louis, Mo, for Appellant.

Tamie E. Hunter, Bridgeton, MO, pro se.

WILLIAM H. CRANDALL, JR., Presiding Judge.

The Director of Revenue (Director) appeals from the judgment reinstating Tamie Hunter's driving privileges. We reverse and remand.

Director revoked Hunter's driving privileges for one year for refusing to take a chemical test of her blood pursuant to section 577.041.[1] Hunter filed a petition for review in the circuit court. The case was assigned to a traffic commissioner. The case was submitted on the certified records of the Department of Revenue. Hunter presented no evidence. The certified records included the notice of revocation, accident report, alcohol influence report, Bridgeton Police Department Offense/Incident Report with a narrative by the arresting officer and arrest report.

The narrative by the arresting officer provides in part as follows. On January 26, 2001, the arresting officer and another Bridgeton police officer went to a location in Bridgeton, "in reference to a report of leaving the accident." Shahidur Rahman stated that his neighbor, Hunter, hit his vehicle with her vehicle while she was recklessly driving around the subdivision. Rahman stated that Hunter was the only person in her vehicle. Several neighbors observed Hunter driving in a reckless and careless manner for thirty minutes to an hour. Sanford Goldberg stated that Hunter drove off the pavement several times. Kathy Shannon stated that Hunter pulled into her driveway five or six times and accelerated heavily around the block. Robert Stephen also stated that Hunter

---

1. All statutory references are to RSMo. 2000.

was accelerating heavily. When Rahman and his wife went to Hunter's residence, she said her insurance would take care of everything. The officers found Hunter's vehicle parked in her driveway with what appeared to be recent damage to the vehicle. The officers spoke to Hunter and the arresting officer smelled the odor of alcohol on Hunter's breath. Hunter was arrested for leaving the scene of an accident. While being transported to the police station, the arresting officer asked Hunter whether she had been drinking. Hunter stated she had not been drinking but was currently on several medications including valium. Hunter also stated " 'I picked up my kids and was driving them home. Do you think I would drive drunk with my kids in the car?' " At the station, the arresting officer administered sobriety tests.[2] The officer told Hunter she was also being charged with driving while intoxicated. The officer advised Hunter of the Implied Consent Law and she asked to speak with her attorney. Hunter was given the telephone and she stated she was calling her attorney but refused to give the name. After the phone call, Hunter refused to take a chemical test and she was issued a notice of revocation form which she refused to sign.

Hunter filed a written objection on the date of the hearing that states "[Hunter], by counsel, upon submission of the case on the police report, objects to the hearsay relating to the probable cause to request the chemical test, and that [Hunter] was not allowed 20 minutes between asking to speak with an attorney and allegedly refusing to submit to a chemical test." The commissioner sustained the objection and entered findings and recommendations.

The commissioner found that the arresting officer did not have probable cause to arrest Hunter for driving while intoxicated and that Hunter did not refuse to submit to a chemical test of her breath. The commissioner also found that there was no credible evidence of probable cause submitted after the hearsay objection was sustained. The commissioner further found that Hunter was not given twenty minutes to contact her attorney. The commissioner recommended that Hunter's driving privileges be reinstated.[3] The circuit court adopted the findings and recommendations of the commissioner as the judgment of the court. Director appeals from this judgment.[4]

■ We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Rain v. Director of Revenue*, 46 S.W.3d 584, 587 (Mo. App. E.D.2001). We are not, however, required to defer to the trial court's findings when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict. *Id.* In a proceeding under section 577.041 on facts as those presented here, the trial court shall determine only: (1) whether or not the person was arrested; (2) whether the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and (3) whether the person refused to submit to the test. Section 577.041.4; *Parrish v. Director of Revenue*, 11 S.W.3d 652, 654 (Mo.App. E.D.1999).

Director first argues that the trial court erred in refusing to admit the Department

**2.** The alcohol influence report shows that Hunter failed three sobriety tests.

**3.** Hunter did not appear at the hearing before the commissioner.

**4.** Hunter did not file a brief with this court.

of Revenue Certified Records on the basis of hearsay. Hunter objected "to the hearsay relating to the probable cause to request the chemical test." Hunter did not state whether she was objecting, on the basis of hearsay, to the arresting officer's statements in the "police report" or the statements by the eyewitnesses discussed in the officer's narrative.

 Section 302.312.1 provides:

Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

Here, the custodian of records for the Department of Revenue certified the records as exact duplicates of the original records lawfully filed or deposited with the Department of Revenue. Copies of documents from the department of revenue are admissible as evidence if the copies are properly certified. *Riggin v. Director of Revenue*, 25 S.W.3d 695, 698 (Mo.App. S.D.2000); *Dugan v. Director of Revenue*, 979 S.W.2d 563, 564 (Mo.App. W.D.1998); *Mills v. Director of Revenue*, 964 S.W.2d 873, 875 (Mo.App. E.D.1998). Furthermore, information given by eyewitnesses to the arresting officer directly, or through other officers is admissible to establish probable cause because it is not offered for its truth, but to explain the basis for a belief that probable cause to arrest existed. *Rain*, 46 S.W.3d at 588. The trial court erred in refusing to admit the portion of the Department of Revenue records relating to probable cause.

 Director next argues that the arresting officer did in fact have probable cause to arrest Hunter for driving while intoxicated. "Reasonable grounds" is virtually synonymous with probable cause for an arrest for driving while intoxicated. *Id.* at 587. In determining whether reasonable grounds existed, the court must evaluate the situation from the viewpoint of a cautious, trained, and prudent police officer at the time of the arrest. *Id.* An officer may rely on information reported by citizen witnesses. *Id.* at 588. In addition, an arresting officer may establish probable cause that a person was driving from the person's admissions alone. *Oates v. Director of Revenue*, 67 S.W.3d 664, 666 (Mo.App. E.D.2002).

While being transported to the jail, Hunter made incriminating statements. She stated " 'I picked up my kids and was driving them home. Do you think I would drive drunk with my kids in the car?' " Shahidur Rahman stated that Hunter struck his vehicle while driving recklessly and she was the only person in her vehicle. Three other witnesses described Hunter's poor driving. The officer smelled the odor of alcohol on Hunter's breath. The alcohol influence report states that the arresting officer observed that Hunter's speech was slurred and that she was swaying when walking and turning. The report also shows that Hunter failed three sobriety tests. The arresting officer had reasonable grounds to believe that Hunter was driving a motor vehicle while intoxicated.

Director argues in the last point that the trial court's decision to reinstate Hunter's driving privileges based on her not being given twenty minutes to speak with her attorney was erroneous. Section 577.041.1 provides in part "If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the per-

son continues to refuse to submit to any test, it shall be deemed a refusal."

■ Under the language of section 577.041.1, a driver must be afforded twenty minutes to contact an attorney after he or she has been advised of the Implied Consent Law. *Glastetter v. Director of Revenue*, 37 S.W.3d 405, 407 (Mo.App. E.D.2001). The fact that the requirements of section 577.041.1 are not satisfied does not, however, automatically warrant relief to the driver, but instead requires that the driver be actually prejudiced as a result of the officer's noncompliance with the statutory requirements. *Id.* Under the actual prejudice standard, the issue is whether the driver suffered any actual prejudice as a result of being denied twenty minutes to contact his or her attorney after being advised of the Implied Consent Law. *Id.*

■ The arresting officer informed Hunter of the Implied Consent Law at 8:39 a.m. and sixteen minutes later, at 8:55 a.m., Hunter refused to take the chemical test. The arresting officer's narrative provides "I advised Hunter of Missouri's Implied Consent and she requested to speak with her attorney. She was given the telephone and she stated that she was calling her attorney, but refused to give the name. After her phone call she refused to take chemical test and was issued a copy of the notice of revocation form which she refused to sign." The report does not indicate that Hunter's refusal was in any way equivocal, conditional or that she wanted an additional four minutes to contact an attorney. *Schmidt v. Director of Revenue*, 48 S.W.3d 688, 691 (Mo.App. W.D.2001). Rather, the record indicates that Hunter completed her call. *See Wall v. Holman*, 902 S.W.2d 329, 331 (Mo.App. W.D.1995)(holding that section 577.041.1 does not mandate that an arresting officer wait twenty minutes if the driver has made all the attempts the driver wants to make and reaches a decision to submit to the test before the twenty minutes had elapsed). Hunter was not actually prejudiced. Accordingly, the trial court erred in reinstating Hunter's driving privileges based on Hunter not being given twenty minutes to contact her attorney.

The record introduced by Director shows that Hunter was arrested, the arresting officer had reasonable grounds to believe that Hunter was driving a motor vehicle while in an intoxicated condition and that Hunter refused to submit to a chemical test. Hunter's written objection reflects that the case was submitted on the Department of Revenue records. Hunter presented no evidence. This is not a case, such as when a trial court directs a verdict for the driver, where Hunter did not have an opportunity to present evidence. *See Schmidt*, 48 S.W.3d at 692. Accordingly, remand for a new trial is not required.

The judgment is reversed and the cause remanded with directions to reinstate the revocation of Hunter's driving privileges.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., concur.