**Michael K. PARRES, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. ED 79831.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 14, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, MO, for appellant.

Michael K. Parres, pro se, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

The Director of Revenue (Director) appeals from the circuit court's judgment reinstating the driving privileges of Michael K. Parres (Driver). Director contends the circuit court erred in reinstating Driver's driving privileges because the arresting officer had probable cause to arrest Driver for driving while intoxicated. We reverse and remand.

On April 14, 2000, Robert Wood notified the police that he had observed a purple Jeep swerving in and out of lanes on westbound Highway 40. Mr. Wood told the police the car had almost struck his car as well as other cars, and the driver's head was nodding back and forth as if he were

about to fall asleep. Mr. Wood followed the Jeep and observed Driver park it and enter the apartment at 1228 Woodbridge Crossing. Mr. Wood requested that an officer respond. The police had also received reports from several anonymous citizens that someone was driving a purple Jeep in a reckless manner in the Woodbridge Crossing area.

Officer Ruyle was dispatched to 1228 Woodbridge Crossing. Upon his arrival, Officer Ruyle spoke with Mr. Wood, who informed him of his observations. Officer Ruyle knocked on the apartment door and spoke with a woman who said Driver had just arrived a few minutes earlier. Officer Ruyle observed Driver sitting on the couch and asked him to come to the door. Driver yelled, "This is ridiculous, I'm already here. Why can't you just leave me alone?" Driver said he had just driven there from his home in Bridgeton. Officer Ruyle smelled a strong odor of alcohol on Driver's breath and asked him if he had been drinking alcohol. Driver responded that he had a lot to drink. Officer Ruyle observed that Driver's eyes were bloodshot and that he wobbled and swayed when he walked.

Officer Ruyle asked Driver to see his license, and Driver pushed him and tried to shut the door. Another officer, who was also at the scene, slid through the door and informed Driver that he was under arrest. Driver resisted and the officers handcuffed him, took him to the police station where he was advised of his *Miranda*[1] rights, and charged him with assault on a law enforcement officer, resisting arrest, and driving while intoxicated. Officer Ruyle read Driver the implied consent warnings and asked him to take a

breath test. Driver refused. As a result, Driver's license was revoked under Section 577.041, RSMo 2000.[2]

Driver filed a petition for review in the circuit court. The cause was tried on the Department of Revenue records. The circuit court found Driver refused to submit to a breath test, but that Officer Ruyle did not have probable cause to arrest Driver for driving while intoxicated. The circuit court ordered reinstatement of Driver's driving privileges. Director appeals.[3]

In his only point, Director contends the information Officer Ruyle received when dispatched to the scene, in addition to his personal observations of Driver and Driver's statements, provided ample probable cause to arrest Driver for driving while intoxicated. We agree.

■■■ Our review of the circuit court's decision is controlled by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Therefore, the decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. We are not required to defer to the trial court's findings when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict. *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177 (Mo.App.2000).

In a proceeding where a person's license has been revoked for failure to submit to a chemical test, the circuit court shall determine only (1) whether or not the person was arrested; (2) whether or not the arresting officer had reasonable grounds to believe that the person was driving a mo-

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Unless otherwise provided, all statutory references are to RSMo 2000.

3. We note Driver did not file a brief responding to Director's appeal, and therefore, we are without the benefit of Driver's arguments, if any.

tor vehicle in an intoxicated condition; and (3) whether or not the person refused to submit to the test. Section 577.041.4; *Rain v. Director of Revenue*, 46 S.W.3d 584, 587 (Mo.App. E.D.2001). If the circuit court finds any one of the factors not to be in the affirmative, the circuit court must order Director to reinstate the license. Section 577.041.5; *Rain*, 46 S.W.3d at 587.

Here, the circuit court found that Officer Ruyle did not have probable cause to arrest Driver for driving while intoxicated. "Reasonable grounds" is virtually synonymous with probable cause for arrest for driving while intoxicated. *Rain*, 46 S.W.3d at 587. Probable cause to arrest for driving while intoxicated exists when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the motorist. *Id.* To determine if reasonable grounds exist, the court must evaluate the situation from the viewpoint of a cautious, trained, and prudent police officer at the time of the arrest. *Id.*

"Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *Id.* Whether there is probable cause to arrest depends on the information in the officer's possession prior to the arrest. *Id.* There is no precise test for determining whether probable cause existed; rather, it is based on the particular facts and circumstances of the individual case. *Id.* "Furthermore, probable cause is determined by the collective knowledge and the facts available to all of the officers participating in the arrest; the arresting officer does not need to possess all of the available information." *Id.*

The officer may rely on information reported by citizen witnesses. *Id.* Information given by eyewitnesses to the arresting officer directly, or through other officers, even if hearsay, is admissible to establish probable cause because it is not offered for its truth, but to explain the basis for a belief that probable cause to arrest existed. *Id.*

Here, Officer Ruyle was dispatched to 1288 Woodbridge Crossing. Officer Ruyle had received notice that several people had observed someone driving a purple Jeep in a reckless manner in that area. Upon his arrival, Mr. Wood, an eyewitness, told Officer Ruyle a purple Jeep had almost hit his car, as well as several other cars as it swerved across lanes of traffic and that the driver of that purple Jeep had just entered the apartment at 1288 Woodbridge. Further, when Officer Ruyle entered the apartment, he smelled a strong odor of alcohol on Driver's breath and noted Driver's eyes were bloodshot and that Driver wobbled and swayed when he walked. Driver stated he had just driven there from his home in Bridgeton and had a lot to drink. Officer Ruyle's observations, witnesses' statements, and Driver's own statements establish probable cause to arrest Driver for driving while intoxicated. Therefore, the circuit court erred in reinstating Driver's driving privileges.

The judgment is reversed and the cause remanded to the circuit court with directions to reinstate the revocation of Driver's driving privileges.

CRANDALL, P.J., and KATHIANNE KNAUP CRANE, J., concur.