Matthew P. LITZSINGER, Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.

No. ED 81653.

Missouri Court of Appeals, Eastern District, Division Five.

July 22, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 4, 2003.

Application for Transfer Denied Oct. 28, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susanna M. Woodbury, Jefferson City, for appellant.

Gregory M. Sheehan, Jr., New Havens, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Director of Revenue (Director) appeals from the judgment entered reinstating the driving privileges of Matthew Litzsinger. We affirm.

Driver, Matthew Litzsinger, was pulled over on January 1, 2002 by police officer Matthew Oller. Officer Oller observed driver with a frosted over windshield and an equipment violation. While questioning driver, Officer Oller noticed the smell of intoxicants coming from the car. Officer Oller asked driver to exit the car and conducted three field sobriety tests. Officer Oller also noted on his Alcohol Influence Report that driver's eyes were bloodshot and watery, his speech was slurred and he had a cocky attitude.

At trial, Officer Oller testified that he advised driver of the state's implied consent law under Section 577.041 RSMo.2000 and that driver indicated that he understood his rights. Officer Oller also testified that he explained to driver that driver would lose his license for a year upon refusal to take a breathalyzer test. Driver testified at trial that he recalled being told by Officer Oller that he could lose his license. However, driver testified that he did not recall being told about losing his license for a year or that the refusal to take the breathalyzer could be used against him as evidence in a future trial. Driver's girlfriend, Cindy Buckley, who was also at the police station and heard the exchange between Officer Oller and driver, testified that she did not recall Officer Oller informing driver of the implied consent law. Driver testified that he did not realize that his license had been revoked

for one year until he had returned home and read through the paperwork for the revocation.

The trial court found for driver and reinstated his license. Director appeals the trial court's judgment reinstating driver's driving privileges.

Director's sole point on appeal is that the trial court erred in reinstating driver's license because driver failed to rebut Director's prima facie case for revocation in which Director "established that (1) the driver was arrested, (2) the officer had reasonable grounds to arrest the driver for driving while intoxicated, and (3) the driver refused to submit to a breath test." Director argues that there was uncontroverted evidence that Officer Oller gave driver the implied consent warning.

■■■ A trial court's judgment is to be upheld unless "there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The evidence and all resulting inferences are to be viewed in a light most favorable to the judgment while disregarding all contrary evidence and inferences. *Jarrell v. Director of Revenue*, 41 S.W.3d 42, 46 (Mo. App. S.D.2001). Director has the burden of proof to support the revocation of a person's license for refusal to submit to a chemical test. *Keim v. Director of Revenue*, 86 S.W.3d 177, 180 (Mo.App. E.D. 2002). The failure to satisfy that burden will result in the reinstatement of the person's driver's license. *Id.* This court will defer to the trial court's determination of credibility. *Prozorowski v. Director of Revenue*, 12 S.W.3d 405, 408 (Mo.App. E.D.2000). If the evidence is uncontroverted or admitted so that the real issue is a legal one as to the effect of evidence, then there is no need to defer to the trial court's judgment. *Hampton v. Director of*

*Revenue*, 22 S.W.3d 217, 220 (Mo.App. W.D.2000).

■■■ A person under arrest may refuse chemical analysis of blood alcohol level. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 619 (Mo. banc 2002). If the arresting officer has reasonable grounds to believe that the person was driving while intoxicated, the officer is to make a sworn report to Director that such person refused the test. *Id* at 620. Director will then revoke the license of the person refusing the test for one year. *Id.* Upon request, a post-revocation hearing is available in the circuit court and is limited to the following issues: (1) whether or not the person was arrested or stopped; (2) whether or not the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether or not the person refused to submit to the test. *Id. see also* Section 577.041.1 RSMo.2000. A refusal is not a valid "statutory refusal" if the arresting officer omits statutorily necessary information. *Buckley v. Director of Revenue*, 4 S.W.3d 152, 153 (Mo.App. E.D. 1999).

■■■ Director contends that it made its prima facie case for revocation at the hearing which driver failed to rebut. Director, focusing on the third issue, argues that Officer Oller properly informed driver of the implied consent law and that driver did not controvert Officer Oller's testimony. At trial, Officer Oller testified that he properly informed driver of the implied consent law and the consequences that would follow a refusal to take the breathalyzer. If the police officer's testimony was not controverted as Director contends, then the issue becomes one of law and no deference is due to the trial court's decision under *Hampton.* If the officer's testimony was controverted, the issue becomes one of credibility and this court would defer to the trial court's judgment. To

determine whether or not the police officer's testimony was controverted the following excerpts of the trial transcript are relevant.

On direct examination, driver testified as follows:

Q: ... the officer testified that he read to you the ... implied consent material, and that specifically would be that if you refuse to take the test, your license would be revoked for a year, and evidence of that refusal could be used against you in a criminal prosecution.... Do you recall being ... informed of either of those in the evening in question?

A: I recall him saying I was going to lose my license. I don't remember anything about a year, you know, or any used against me later on.

On direct examination, Ms. Buckley testified as follows:

Q: [Y]ou were able to hear what transpired between the two of them in the way of any questions and answers?

A: Yes.

Q: Specifically let me ask you if you remember anything of implied consent warnings; specifically, whether he understood if he didn't take the breathalyzer test, he'd lose his license for a year and that evidence of that could be used against him in the prosecution in a court of law. Do you recall any of that being asked of him?

A: No, I do not.

Viewing the evidence and the resulting inferences in a light most favorable to the trial court's judgment, Officer Oller did not inform driver of the implied consent law. Both driver and Ms. Buckley testified that they did not recall driver having been informed of the implied consent law. Witnesses, particularly lay witnesses, rarely testify in absolute terms. The present case is such a situation. It could be reasonably inferred from the testimony of driver and Ms. Buckley that the implied consent warning was not given or that the two witnesses simply did not remember the implied consent warning being given. The former inference places driver and Ms. Buckley's testimony in direct conflict with Officer Oller's testimony. On appeal, we assume the inference consistent with the judgment below. In giving due deference to the trial court's determination, the trial court merely chose to believe driver and Ms. Buckley's version of events over that of Officer Oller. As a result, the trial court's reinstating driver's license was within its discretion as the trier of fact.

The judgment is affirmed.

LAWRENCE E. MOONEY, P.J., ROBERT G. DOWD, Jr., concur.