Bonnie S. LUMSDEN, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. ED 83778.

Missouri Court of Appeals,
Eastern District,
Division One.

May 18, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Samantha Anne Harris, Assistant Attorney General, Jefferson City, for appellant.

Joseph V. Neill, St. Louis, for respondent.

Before GARY M. GAERTNER, SR., P.J., ROBERT G. DOWD, JR., J. and MARY R. RUSSELL, J.

PER CURIAM.

The Director of Revenue ("Director") appeals from the judgment of the Circuit Court of St. Louis County reinstating the driving privileges of Bonnie S. Lumsden ("Driver"). We reverse and remand.

On September 5, 2002, Officer David Dwyer ("Officer") of the Berkeley police department responded to a parking lot after receiving a call about an intoxicated driver. When Officer arrived, he observed Driver sitting in the driver's seat and parked on the curb.[1] Officer stated in the alcohol influence report that Driver had a strong odor of alcohol on her breath, her pupils were dilated, and her eyes were watery, bloodshot, and glassy. He also noted that her speech was slurred and incoherent. Officer asked Driver to perform "the field sobriety test." Driver consented, but "failed the gaze nystagmus test and could not perform any others." Driver was then arrested for driving while intoxicated and transported to the Berkeley police station where she was read her Miranda rights. The alcohol influence report indicates that Driver said she was operating the vehicle and was on her way to a friend's house. Driver refused to take a chemical test of her breath. Driver submitted no evidence in this case.

The Department of Revenue revoked Driver's driving privileges. Driver then filed a petition for review of the revocation. The trial court, adopting the findings of the Commissioner at the post-revocation hearing, found there was no evidence of the petitioner operating a motor vehicle, removed the administrative revocation from Driver's driving record, and reinstated her driving privileges. Director appeals from this judgment.

---

1. Officer came into contact with Brad Hackenworth, who had observed Driver driving in an apparent intoxicated condition. Driver argues there was no testimony or evidence as to when Hackenworth observed Driver driving. We find Hackenworth's observations are not essential to this case. There is sufficient evidence without his observations.

In a court-tried case, we affirm the judgment of the trial court "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Rain v. Director of Revenue*, 46 S.W.3d 584, 587 (Mo.App. E.D.2001). In reviewing, we must accept as true the evidence and inferences favorable to the judgment and disregard all contrary evidence and inferences. *Reece v. Director of Revenue, State of Mo.*, 61 S.W.3d 288, 291 (Mo.App. E.D.2001). However, when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict, we are not obligated to defer to the trial court's findings. *Rain*, 46 S.W.3d at 587. The trial court is not free to disregard uncontradicted evidence supporting Director's contentions in license revocation cases. *McCarthy v. Director of Revenue*, 120 S.W.3d 760, 762 (Mo.App. E.D.2003). Director retains the burden of proof to support the revocation of a person's license for refusal to submit to a chemical test. *Litzsinger v. Director of Revenue*, 115 S.W.3d 866, 868 (Mo.App. E.D.2003).

In her first point on appeal, Director argues the trial court erred in setting aside Director's revocation of Driver's driving privileges because Director made a *prima facie* case by establishing Driver refused to submit to a breath test and that Officer had reasonable grounds to believe Driver was driving while intoxicated, and Driver submitted no evidence to rebut this *prima facie* case.

A person under arrest may refuse to submit to a chemical test of her blood alcohol level. *Id.* If the arresting officer has reasonable grounds to believe a person was driving while intoxicated, the officer is to make a sworn report to Director that such person withheld consent to the test. *Id.* Director will then revoke the license of the person for one year. *Id.* A post-revocation hearing is available in the circuit court, but it is limited to the following issues: (1) whether the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe that the person was driving while in an intoxicated condition; and (3) whether the person withheld consent to the test. *Id.* If the court finds any of these conditions are not present, it shall order one's license to be reinstated. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo.banc 2002), Section 577.041.5 RSMo (2000).

In this case, Officer arrested Driver for driving while intoxicated and read Driver her Miranda rights. Officer requested that Driver submit to a chemical test of her breath and informed her that evidence of her refusal to take the test could be used against her in court. Driver, nonetheless, refused to take the test and signed the notice of revocation form. Evidence of Driver's refusal to take the test was admitted into evidence without objection. Therefore, the only remaining inquiry is whether Officer had reasonable grounds to believe Driver was driving in an intoxicated condition.

For the offense of driving while intoxicated, probable cause to arrest exists when a police officer observes an unusual or illegal operation of a motor vehicle and then upon coming into contact with the motorist, observes indicia of intoxication. *Rain*, 46 S.W.3d at 587. However, an officer may rely on circumstantial evidence when actual driving is not observed. *Kleffner v. Director of Revenue*, 956 S.W.2d 446, 448 (Mo.App. E.D.1997). It is not necessary for an officer to actually observe a person driving to have probable cause to arrest them for driving while intoxicated. *Id.* To make a determination as to whether reasonable grounds exist, the court must look at the situation from

98

the viewpoint of a careful, prudent, and trained police officer at the time of the arrest. *Rain*, 46 S.W.3d at 587.

In this case, Officer noted that Driver's breath had the strong odor of an alcoholic beverage; Driver's pupils were dilated; Driver's eyes were watery, bloodshot, and glassy; Driver's balance was wobbling and she staggered when walking and turning; Driver's speech was slurred and incoherent; and although Driver was polite and cooperative, her ability to follow instructions was poor. Officer also noted that Driver failed the gaze nystagmus test and could not do the one leg stand and walk-and-turn tests. When Officer first responded, Driver was seated in the driver's seat and was parked at the curb. Lastly, Driver answered affirmatively when asked whether she was operating the vehicle.

Driver presented no evidence in this case. Instead, she apparently relied on minor inconsistencies in the alcohol influence report, which states she was polite, cooperative, and sleepy. Her response, recorded in the alcohol influence report, stated that she had not been drinking and was not intoxicated. However, we find Director's evidence was still sufficient to meet its burden of persuasion and the trial court's finding otherwise has no substantial evidence to support it and is against the weight of the evidence. Accordingly, we reverse the trial court's judgment and remand to the trial court to enter judgment reinstating the revocation of petitioner's license.