Lawrence J. GLASTETTER, Plaintiff–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant–Appellant.

No. ED 77698.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 6, 2001.

**406**

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, MO, for appellant.

E.A. Stierberger, Matthew A. Schroeder, Union, MO, for respondent.

MOONEY, Presiding Judge.

The Director of Revenue ("Director") appeals the trial court's setting aside of Lawrence Glastetter's ("Driver") revocation of driving privileges. According to Director, the trial court erred in setting aside the revocation of Driver's driving privileges because Driver's conditional consent to take a breath test only after contacting an attorney constituted a refusal to take the test. More specifically, Director argues the Driver's revocation should be sustained because Driver was given twenty minutes to contact an attorney after being given his Miranda[1] warning, which satisfies the provisions of Missouri's Implied Consent Law. We affirm.

On July 24, 1999, Driver was stopped by Officer Wissbaum ("Officer") of the Washington Police Department for not keeping his vehicle on the right half of the roadway. Officer concluded that there was sufficient probable cause to arrest Driver for driving while intoxicated. Officer read Driver his Miranda rights, and informed Driver that he could contact an attorney.

At 3:09 a.m., after arriving at the police station, Driver requested an attorney. Officer waited for Driver to contact his lawyer before administering the breath test. Driver called a friend, asking him to contact his attorney. Several minutes passed without any response from Driver's friend or his lawyer, and Driver called his friend again at 3:21 a.m. At 3:30 a.m., Officer read Missouri's Implied Consent Law to Driver. Section 577.041 RSMo. Supp. (1999). Eighteen minutes later, at 3:48 a.m., Driver's friend contacted the police station and informed Driver that his lawyer instructed him to take the breath test. Driver indicated to Officer that he wanted

---

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

to take the breath test pursuant to instructions from his attorney. Officer refused to allow Driver to take the breath test and, pursuant to section 577.041, Driver's driving privileges were revoked for such refusal. Driver filed a petition for review, and the trial court set aside the revocation. The Director appeals.

 On review, the trial court's ruling must be upheld unless there is no substantial evidence to support it, is against the weight of the evidence, or misstates or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). To uphold the revocation of a driver's license for refusal to submit to a chemical test, the trial court shall only determine the following: (1) whether the driver was arrested; (2) whether the arresting officer had reasonable grounds to believe the driver was driving while intoxicated; and (3) whether the driver refused to submit to the test. *McMaster v. Lohman*, 941 S.W.2d 813, 815 (Mo.App. W.D.1997).

 In Director's sole point on appeal he argues that the trial court erred in setting aside the revocation of Driver's driving privileges pursuant to section 577.041(1) because Driver's conditional consent to take the breath test only after contacting an attorney constituted a refusal to submit to the test. We disagree.

Section 577.041(1), Missouri's Implied Consent Law, states as follows:

> The request of an officer shall include the reasons of the officer requesting the person to submit to a [chemical] test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test. *If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney.* If upon completion of the twenty-minute period the person continues to

refuse to submit to any test, it shall be deemed a refusal. (Emphasis added.)

 We find the statute is written in clear, direct, and mandatory language, requiring that a driver be afforded twenty minutes to contact an attorney after he has been advised of the Implied Consent Law. *See Brown v. Director of Revenue*, 34 S.W.3d 166, 173–74 (Mo.App. W.D.2000). However, the fact that the requirements of section 577.041(1) are not satisfied does not automatically warrant relief to the driver, but instead requires that the driver be actually prejudiced as a result of the officer's noncompliance with the statutory requirements. *Id.* Under the actual prejudice standard, the issue is whether the driver suffered any actual prejudice as a result of being denied twenty minutes to contact his lawyer after being advised of the Implied Consent Law. *Lorton v. Director of Revenue*, 985 S.W.2d 437, 442 (Mo.App. W.D.1999); *see also Teson v. Director of Revenue*, 937 S.W.2d 195, 198 (Mo. banc 1996). The law's sanction should not be imposed unless a refusal to take a breath test is voluntary and unequivocal. *Brown*, 34 S.W.3d at 174–75.

Our interpretation of section 577.041(1) is in accordance with the recent Western District opinion in *Brown*. 34 S.W.3d 166. There, the appellate court held that section 577.041 requires that a driver be given twenty minutes to contact counsel from the Implied Consent Law advice, while further holding that the court must also view all the evidence to determine actual prejudice. *See Lorton*, 985 S.W.2d at 442; *Teson*, 937 S.W.2d at 198. The court concluded that the driver was not given twenty minutes to contact his lawyer from the reading of the Implied Consent Law and suffered actual prejudice given that, only ten minutes after being read the Implied Consent Law, he requested to take the breath test if revocation was the consequence of his refusal. *Brown*, 34 S.W.3d at 175.

Here, we reach the same conclusion. Driver was not given the statutorily man-

dated twenty minutes to contact an attorney after the Implied Consent Law was given. Instead, Officer read Driver the Implied Consent Law at 3:30 a.m. Only eighteen minutes later, at 3:48 a.m., Driver indicated that he would take the breath test pursuant to instructions given by his lawyer. Officer, nonetheless, refused to administer the test. We find that under such circumstances Driver suffered actual prejudice, in that Driver requested to take the breath test within twenty minutes of the Informed Consent reading as allowed by statute. Therefore, we find that the trial court did not err in setting aside the revocation of Driver's driving privileges.

Judgment affirmed.

SIMON, J. and SULLIVAN, J., concur.