**Thomas Kent CRABTREE, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. WD 59847.

Missouri Court of Appeals, Western District.

Jan. 15, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for appellant.

Farrell D. Hockemeier, Richmond, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

The Director of Revenue appeals the judgment of the circuit court vacating the suspension of Thomas Crabtree's driving privileges under § 302.505, RSMo 2000, and reinstating those privileges. Crabtree has filed no brief. Because the results of the breath analyzer test were admissible, we reverse.

## Facts

On March 27, 2000, the Missouri Director of Revenue suspended Thomas Kent Crabtree's driver's license. The suspension was the result of an incident on January 6, 2000, when a deputy of the Ray County Sheriff's Department observed Crabtree weaving in his lane and cross the center line as he drove on Missouri Highway 210 in Ray County. The deputy stopped Crabtree and noticed the odor of intoxicating beverages on Crabtree's breath. Crabtree stated that he had been drinking, and he failed four field sobriety tests.

Crabtree was arrested and taken to the Ray County jail, where he was asked to submit to a chemical test of his breath. Crabtree was advised of the consequences of refusing the test, and he asked to speak to an attorney. The deputies gave him a telephone book. Crabtree called the only attorney he knew, Stanley Thompson. Unfortunately, Mr. Thompson was and is the Ray County prosecuting attorney. Crabtree was aware of Mr. Thompson's position when he made the call. Mr. Thompson told Crabtree to take the test.

It is not clear from the brief whether the deputy actually told Crabtree that he could call another attorney, but after he got off the phone Crabtree decided to submit to the test. The test revealed that his blood alcohol concentration was .221 percent.

After the suspension, Crabtree filed a petition for a trial de novo in Ray County Circuit Court. The trial de novo was held on January 22, 2001. At trial, Crabtree stipulated to probable cause for his arrest.

The circuit court originally found in favor of the Director. However, following a motion to reconsider, the circuit court reversed its decision and found in favor of Crabtree, on the ground that the Director failed to establish a foundation for the admission of Crabtree's breath analyzer test results. The court reasoned that because Mr. Thompson was the prosecuting attorney, Crabtree did not receive fair, unbiased legal advice under § 577.041 before deciding to take the test, and that the results of the test, therefore, lacked foundation. The circuit court vacated the order of suspension and ordered the Director to reinstate Crabtree's driving privileges.

## Standard of Review

■ Our review of a trial court's judgment reinstating driving privileges after an administrative suspension is the same as in any judge-tried case. *Douglass v. Wilson*, 10 S.W.3d 199, 202 (Mo.App.2000). The judgment will be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

## Points on Appeal

The Director argues that the circuit court clearly erred in vacating the suspension of Crabtree's driving privileges on the

ground that there was a lack of foundation for the admission of the breath analyzer test results, because Crabtree was provided an opportunity to contact an attorney, and he suffered no prejudice as a result of contacting the prosecuting attorney.

■ Establishment of a prima facie case for suspension requires a showing by preponderance of the evidence that (1) there was probable cause to arrest the driver for a DWI, and (2) at the time of the arrest, the driver's blood alcohol content was at least .10 of one percent or more. *Id.* Since the parties stipulated to probable cause, the only issue in the instant case was whether the Director had proved the second element.

Crabtree objected to the admission of the breath test results on the basis that there was no foundation because he was not permitted to contact an attorney in accordance with § 577.041, RSMo 2000.

The Director notes that Crabtree was given the opportunity to contact an attorney, and that the statute does not give the driver an opportunity to speak with any particular attorney. *Witeka v. Dir. of Revenue*, 913 S.W.2d 438, 440 (Mo.App. 1996).

■ The Director further argues that Crabtree suffered no prejudice as a result of contacting the prosecuting attorney. The purpose of the statute is to give the driver the opportunity to make an informed decision as to whether to take the test. The statute is not intended to enable, in a strict sense, the driver to make an informed consent to the test. Consent is implied by law. Section 577.020. The effect of a refusal is to revoke the consent implied by statute. Contact with an attorney is intended to inform the driver of the consequences of a refusal to take the test (revocation of implied consent). Since Crabtree ended up taking the test, preju-

dice could not have resulted. *Douglass,* 10 S.W.3d at 205. The restrictions of § 577.041 to permit contact with an attorney are intended to limit the State's right to revoke for refusal to take the test. Crabtree did not refuse to take the test, and, therefore, the provisions of § 577.041 are not implicated. In a non-refusal case, no contact with an attorney is required for admission of the test results under the statute. Crabtree makes no argument that consultation with "independent counsel" is otherwise required by law for the admission of the test results. The trial court misapplied the law in holding that test results were not admissible.

The judgment of the trial court is reversed with directions that the trial court enter a new judgment upholding the Director's suspension of Crabtree's license.

ROBERT G. ULRICH, Judge, and LISA WHITE HARDWICK, Judge, concur.