**Stephen M. PAXTON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. ED 89595.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 17, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 21, 2008.

Jeremiah W. (Jay) Nixon, Atty. Gen., Trevor Bossert, Assistant Attorney General, St. Louis, MO, for appellant.

Branson L. Wood III, Hannibal, MO, for respondent.

ROY L. RICHTER, Judge.

The Director of Revenue ("Director") appeals the judgment reinstating the driving privileges of Stephen M. Paxton ("Driver"). We reverse.

## I. BACKGROUND

At 1:51 a.m., a Hannibal police officer ("Officer") stopped Driver when he noticed Driver's vehicle did not have an operable license plate light. After observing that Driver's eyes were "bloodshot and watery" and after smelling "a faint odor of intoxicants," Officer administered a portable breath test, which tested positive for alcohol. Officer conducted a number of field sobriety tests and placed Driver under arrest. At that time, Driver asked to call an attorney and Officer informed him that he would be given an opportunity to call his attorney when they reached the police station.

At the station, Officer escorted Driver to the bathroom at Driver's request and then asked Driver whether he still wanted to contact an attorney. Driver replied that he did not. Officer asked Driver questions from the Alcohol Influence Report ("AIR"), including a *Miranda*[1] warning, and Driver indicated that he wanted an attorney and inquired how to obtain one. Officer stated that there was a phone on the wall and provided Driver with a phone book. Driver "tried saying he did not want a lawyer" but Officer insisted on waiting 20 minutes.[2] After a short period of time, Officer realized he had supplied Driver with a Quincy, Illinois phone book. Officer gave Driver a Hannibal phone book and began Driver's "20 minutes" again.

Driver called a number of attorneys but was unsuccessful in reaching one. Driver also attempted to call a portable toilet company for a block party he was planning, as well as a car repair shop. Driver told Officer that he did not like him, requested a new officer, and questioned whether he had been arrested for "drinking while intoxicated." Ultimately, Driver said to Officer, "Let's continue." Officer waited the "full time" of 20 minutes before resuming his questioning. Officer continued through the AIR, reading Driver the Missouri Implied Consent Law. Driver did not ask to consult an attorney and agreed to give a breath sample. Driver's blood alcohol content was .081%.

Pursuant to statute, Director suspended Driver's driving privileges for 30 days, followed by 60 days with a restricted driving permit. Driver filed a petition for judicial review of his suspension. The trial court found that Driver was denied his right to counsel in that he was not given 20 minutes to contact an attorney after having been read the Implied Consent Law and held Driver's breath test results inadmissible. Finding that Director failed to prove that Driver operated a motor vehicle with the prohibited blood alcohol content, the

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

2. Officer appears to have mistakenly believed that an arrestee must reach an attorney within 20 minutes after exercising his right to an attorney under *Miranda.*

trial court reinstated Driver's driving privileges. Director appeals.

## II. DISCUSSION

■ Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *See Crabtree v. Director of Revenue*, 65 S.W.3d 557, 558 (Mo.App. W.D.2002) ("[R]eview of a trial court' judgment reinstating driving privileges after an administrative suspension is the same as in any judge-tried case."). We will affirm the trial court's judgment "unless there is no substantial evidence to support it, the decision is contrary to the weight of the evidence, or the trial court erroneously declares or applies the law." *White v. Director of Revenue*, 227 S.W.3d 532, 534 (Mo.App. E.D.2007). We accept as true inferences and evidence in favor of the prevailing party and disregard evidence to the contrary. *Id.*

In its sole point, Director asserts that the trial court erred in reversing the suspension of Driver's driving privileges because the decision was against the weight of the evidence and erroneously applied the law in that Director established its prima facie case, and Driver failed to rebut it. More specifically, Director asserts that the trial court erroneously held Driver's breath test results inadmissible. We agree.

■ Under the Implied Consent Law, when a driver operates a motor vehicle on Missouri roads, he is deemed to impliedly consent to a chemical test of his blood alcohol content. *Guhr v. Director of Revenue*, 228 S.W.3d 581, 583 (Mo. banc 2007); Section 577.020.1 RSMo Cum.Supp.2006. A driver may withdraw such consent, subjecting his license to revocation. *Staggs v. Director of Revenue*, 223 S.W.3d 866, 870 (Mo.App. W.D.2007). Because revocation

is a severe consequence, Section 577.041.1 RSMo Cum.Supp.2005 [3] instructs that "[i]f a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney." However, an arresting officer is not required to inform a driver that he has the right to confer with an attorney before submitting to the test. *Akers v. Director of Revenue*, 193 S.W.3d 325, 329 (Mo.App. W.D.2006). Failure to comply with Section 577.041's provisions renders a chemical analysis inadmissible in a proceeding to suspend or revoke a driver's driving privileges. Section 577.037.4 RSMo Supp.2001; *Reed v. Director of Revenue*, 184 S.W.3d 564, 568 (Mo. banc 2006).

■ Nevertheless, a driver's ability to speak to an attorney before deciding whether to take a chemical test is not an absolute right. *Akers*, 193 S.W.3d at 328. It is merely a qualified, conditional right provided by a civil statute and is not "an extension of any constitutional rights recognized by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694." *Id.* Conversely, a driver's rights under *Miranda* are unconditional, without time limit and without adverse consequence for choosing not to speak to authorities. *Brown v. Director of Revenue*, 34 S.W.3d 166, 172 (Mo.App. W.D.2000).

In reinstating Driver's driving privileges, the trial court relied on *Schussler v. Fischer*, 196 S.W.3d 648 (Mo.App. W.D. 2006). In *Schussler*, a driver was advised of his *Miranda* rights at 12:03 a.m., asked to speak with an attorney and was given twenty minutes to attempt to do so. *Schussler*, 196 S.W.3d at 650. At 12:44 a.m., an officer read the driver the Implied Consent Law and asked driver if he would

**3.** All further statutory references are to RSMo Cum.Supp.2005 unless otherwise indicated.

submit to a breath test. *Id.* The driver refused and his license was revoked. *Id.* Ultimately, the trial court set aside such revocation. *Id.*

On appeal, the Western District of this Court emphasized a driver's lack of awareness regarding his ability to speak to an attorney after having been read the Implied Consent Law and his confusion between his rights under *Miranda* and the benefits provided under the Implied Consent Law. *Id.* at 652. With such confusion in mind, the Western District stated that "whether the request to speak to an attorney comes *before or after* the Implied Consent Law is read, section 577.041.1's twenty minute waiting period begins running immediately after the officer has informed the driver of the Implied Consent Law." *Id.* citing *Brown v. Director of Revenue,* 34 S.W.3d 166, 174 (Mo.App. W.D.2000) and *McMaster v. Lohman,* 941 S.W.2d 813, 817 (Mo.App. W.D.1997).[4]

■ We decline to follow *Schussler* and find its holding contrary to the express language of Section 577.041.1. Where language of a statute is clear and unambiguous, there is no room for construction, and we must give effect to the language as written. *Hunt v. Director of Revenue,* 10 S.W.3d 144, 149 (Mo.App. E.D.1999); *Harper v. Director of Revenue,* 118 S.W.3d 195, 199 (Mo.App. W.D.2003). Courts "are without authority to read into a statute legislative intent contrary to intent made evident by plain language." *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002). Here, Section 577.041.1's language is clear and unambiguous: "If a person when requested to submit to any test ... requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney." Thus, it is a driver's request to speak to an attorney *after* having been asked to submit to a test that triggers a driver's allowance of twenty minutes to reach an attorney.

■ Here, Driver did not request an attorney after having been informed of the Implied Consent Law. When Officer asked whether Driver would give a breath sample to determine his blood alcohol content, "[Driver] said yes," indicated he had no questions and gave a proper sample registering .081%. Accordingly, by the express language of Section 577.041, Driver was not entitled to a twenty minute allowance in that he did not request an attorney after having been asked to submit to a test. We therefore find that in this instance the

4. In deciding *Schussler,* the Western District cited *Brown,* 34 S.W.3d at 174 and *McMaster,* 941 S.W.2d at 817. In *Brown,* after having been read the Implied Consent Law and having been asked to take a breath test, a driver stated, "I will not take the test until I talk to my lawyer." *Brown,* 34 S.W.3d at 168. Such response was deemed a refusal, and the trial court ordered that the driver's license be revoked. *Id.* On appeal, the Western District found that the twenty minutes the driver spent attempting to contact an attorney before having been read the Implied Consent Law was insufficient under Section 577.041. *Id.* at 174. In *McMaster,* after having been read the Implied Consent Law, a driver requested to speak to an attorney. *McMaster,* 941 S.W.2d at 815. Two minutes later, when the driver had not contacted an attorney, an officer recorded that driver refused to take a chemical sobriety test and the trial court ordered that the driver's license be revoked. *Id.* On appeal, the Western District held that the driver did not make a valid refusal in that he was not given the reasonable opportunity to contact an attorney. *Id.* Thus, in *Brown* and *McMaster,* both drivers requested attorneys after having been read the Implied Consent Law. However, in both cases, the Western District stated that no matter when a driver requests an attorney, whether it is before or after an officer recites the Implied Consent Law, a driver's twenty minute period begins immediately after the reading of the Implied Consent Law.

73

provisions of Section 577.041 were satisfied and that the trial court erred in holding Driver's breath test results inadmissible. *See* Section 577.037.4 RSMo Supp.2001; *Reed*, 184 S.W.3d at 568. Point granted.

## III.   CONCLUSION

The judgment is reversed.

ROBERT G. DOWD, JR., P.J., and KURT S. ODENWALD, J., concur.